# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LARRY DALLAM, | ) |
| Petitioner, | ) |
| | ) Civil Action No. 12-1410 |
| vs. | ) |
| | ) Judge Arthur J. Schwab/ |
| LOUIS S. FOLINO, | ) Magistrate Judge Maureen P. Kelly |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

I.  RECOMMENDATION

It is respectfully recommended the Petition for Writ of Habeas Corpus (the "Petition") be dismissed prior to being served for failing to state a claim cognizable under habeas, because, rather than challenge the validity of his sentence or conviction, Petitioner is challenging the conditions of his confinement, and such challenges are not cognizable by means of a habeas petition in federal court.

II.  REPORT

Larry Dallam ("Petitioner") is a state prisoner housed in the State Correctional Institution at Greene ("SCI-Greene"). Petitioner seeks, by way of this habeas corpus Petition to challenge the conditions of his confinement, namely, the allegedly wrongful placement of Petitioner in the Restricted Housing Unit ("RHU") under Administrative Custody. Because Petitioner cannot use a habeas petition to challenge his allegedly improper placement in the RHU, this Petition must be dismissed prior to being served upon the Respondent.

## A. RELEVANT PROCEDURAL HISTORY

On September 28, 2012, the Clerk's Office received the Petition. Because the Petition was not accompanied by either the filing fee or a motion to proceed in forma pauperis, the Court ordered the case closed until and unless the deficiency was rectified. ECF No. 2. Shortly after entering the order directing that the case be closed, Petitioner paid the five dollar filing fee. ECF No. 3. In the body of the Petition, Petitioner asserted that he was wrongfully placed in the RHU without appropriate procedural protections. He also appeared to invoke a Pennsylvania state statute as the authority for the filing of this petition for writ of habeas corpus. ECF No. 4 at 1 (citing 42 Pa.C.S.A. § 6501). He also listed the Court of Common Pleas of Greene County at the top of the Petition. The foregoing could lead one to conclude that Petitioner was attempting to file for a state writ of habeas corpus in the Court of Common Pleas. Nevertheless, the envelope, in which the Petition was sent, was addressed to this Court. ECF No. 4-1 at 1. Moreover, after this Court issued its deficiency order, Petitioner paid the filing fee, which again would indicate that Petitioner intended to proceed in this Court with the present Petition.

In the Petition, Petitioner does not seek to attack his criminal conviction or the sentence or its implementation. Rather, Petitioner complains about the conditions of his confinement. Specifically, he complains about the Respondent and the Respondents' agents, who are allegedly housing Petitioner in the RHU wrongfully. ECF No. 4 at 6.

B. **DISCUSSION**

The Petition has not been served yet. Pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254,[1] this Court may dismiss the Petition, before service, if it plainly appears on its face that the Petitioner is not entitled to relief in a habeas corpus proceeding. The Court concludes that it plainly appears from the face of the Petition, that Petitioner's claims are not cognizable in habeas.

The clear rule of law in the Third Circuit is that a habeas petition may not be used by a state prisoner to challenge the conditions of his confinement. See, e.g., Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002) ("whenever the challenge ultimately attacks the 'core of habeas'– the validity of the continued conviction or the fact or length of the sentence– a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate"); Spruill v. Rosemeyer, 36 F.App'x 488, 489 (3d Cir. 2002) ("There are no material differences for purposes of this appeal between appellant's claims– that prison officials wrongfully disciplined him by placing him in segregated housing for one month and transferring

---

[1] Because Rule 4, permitting pre-service dismissal of habeas petitions applies to both Section 2254 and Section 2241 petitions, it is unnecessary to resolve whether the present Petition is properly characterized as having been filed under Section 2254 or Section 2241. In either case, it is dismissible pre service as raising a claim that is not cognizable in federal habeas proceedings. Castillo v. Pratt, 162 F.Supp.2d 575, 577 (N.D. Tex. 2001) ("The Supreme Court intended the 2254 Rules to apply to petitions filed under § 2241. See Rule 1(b) of the 2254 Rules"); Ukawabutu v. Morton, 997 F.Supp. 605, 608 n.2 (D.N.J. 1998)("I refer to these rules [i.e., Rules Governing Section 2254 Cases] as the 'Habeas Corpus Rules' because they apply to petitions filed pursuant to 28 U.S.C. § 2241 as well as 28 U.S.C. § 2254."); Wyant v. Edwards, 952 F.Supp. 348, 352 (S.D. W.Va. 1997).

him to a higher security prison in retaliation for exercising his First Amendment Rights– and the claims in *Leamer*. The appellant challenges the conditions of his confinement, not the fact or duration thereof, and such a challenge could not have been brought by means of a habeas action."); Carson v. Johnson, 112 F.3d 818, 820-21 (5th Cir. 1997) ("We have adopted a simple bright line rule for resolving such questions. If a favorable determination . . . would not automatically entitle [the prisoner] to accelerated release, the proper vehicle is a § 1983 suit.") (citations and internal quotations omitted). Here, even if Petitioner were successful in establishing that his constitutional rights were violated by the actions of the Respondent and his agents in allegedly placing Petitioner in the RHU without adequate procedural protections, because such a favorable termination of this action would not necessarily alter Petitioner's sentence or undo his conviction within the meaning of Spruill v. Rosemeyer, the Petition should be dismissed for raising claims that are not cognizable within habeas proceedings. Bronson v. Demming, 56 F.App'x 551, 553-54 (3d Cir. 2002) (wherein the Court held that a prisoner seeking, via habeas, to challenge his placement in the RHU and seeking to be placed in a general population could not do so and holding that "In this case, Bronson wishes to be released from one type of confinement to another. No matter what the outcome of Bronson's habeas petition, neither the fact nor the length of his incarceration will be affected. Habeas relief is therefore unavailable."). Because release from the RHU to the general population would not effectuate a change in the length of Petitioner's incarceration, we find that Petitioner may not proceed by way of habeas.

Accordingly, the Petition must be dismissed pre-service for failing to state a claim that is cognizable in habeas proceedings. To the extent one is needed, a Certificate of Appealability

should be denied as reasonable jurists would not dispute the foregoing.

## III.  CONCLUSION

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.   Failure to timely file objections will waive the right to appeal.   Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).   Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.


        s/Maureen P. Kelly
        MAUREEN P. KELLY
        U.S. MAGISTRATE JUDGE

Date:   November 1, 2012

cc:   The Honorable Arthur J. Schwab
     United States District Judge

     Larry Dallam
     BB-6231
     SCI Greene
     175 Progress Drive
     Waynesburg, PA 15370